# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
501 I STREET, SUITE 15–220
SACRAMENTO, CA  95814

Chambers of
**KIMBERLY J. MUELLER**
Chief United States District Judge

(916) 930–4260

## Magistrate Judge Consent in Civil Cases: Know Your Rights!

Delay, congestion, uncertainty, and expense are concerns often expressed by civil litigants.  These concerns have reached a crisis level in the Eastern District of California.

Despite the population of our District nearly doubling since 1979 and a corresponding tremendous increase in case filings, for the past 40 years our court has only 6 authorized District Judgeship positions.  The U.S. Judicial Conference, the policy–making arm of the federal courts, has recommended for decades that Congress authorize between 5 and 11 new judgeships for this court.  While the court is doing what it can to ensure Congress is fully informed regarding our current proposed allocation of 5 new judgeships, we cannot at this point say there is a realistic hope of new District Judgeships in the foreseeable future.

Compounding our challenges, while we have welcomed one new District Judge as of December 2021, we continue to have one vacancy among our 6 authorized judgeships.  The Sacramento Division has experienced a net loss of one District Judge's services, with Senior District Judge Garland E. Burrell's taking inactive senior status and District Judge Morrison C. England's taking active senior status and reducing his caseload.  Our Fresno courthouse has been even harder hit, with former Chief District Judge Lawrence J. O'Neill's taking inactive senior status at the end of January 2020; for nearly two years the Fresno District Court operated with only one active Article III judge to handle all criminal cases and a heavy share of civil cases, and one senior Article III judge who assists the court by taking a half civil caseload.  The Eastern District has been significantly congested for many years, consistently carrying average weighted caseloads equal or close to twice the national average for federal trial courts.  Given our current more dire circumstances, civil litigants are having to vie for less and less District Judge time and attention.  Civil litigants therefore may wish to consider consenting to Magistrate Judge jurisdiction, given that the court has a full complement of experienced Magistrate Judges available to preside to the full extent allowed by law.

The Magistrate Judge consent process can help bring about the "just, speedy, and inexpensive determination" of federal cases. Fed. R. Civ. P. 1.  Although their title has changed periodically, Magistrate Judges, as they currently are known, have had a role in the federal courts since passage of the Judiciary Act of 1789.  Over time, Congress has expanded and enhanced the position in the interests of maximizing judicial efficiency.  Specifically, Magistrate Judges are authorized "to conduct any or all proceedings in a jury or non–jury civil matter and order the entry of judgment in the case" with the consent of the parties. 28 U.S.C. § 636(c).  Consent can maximize access to the courts and ease court congestion through effective use of judicial resources.  It can provide numerous benefits to litigants including the prospect of an early and firm trial date, when District Judges may not be available to try a civil case given the need to prioritize felony criminal cases.

In civil cases, the assigned Magistrate Judge already is responsible for resolving discovery disputes, deciding other non–dispositive motions and in some instances handling pre–trial proceedings; as a result that judge may be intimately familiar with the case history.  Consenting in any civil case allows the Magistrate Judge to decide dispositive motions and preside over trial, and so can avoid the

uncertainty parties may face while waiting for the District Judge to identify time on his or her calendar for trial. Just as with a judgment issued by a District Judge, a judgment issued by a Magistrate Judge to whom the parties in a civil case have consented is appealable directly to the Ninth Circuit Court of Appeals.

As their professional biographies posted on our court's website show, our Magistrate Judges are well–qualified to preside over the cases assigned them. They are experienced, high–caliber judges with diverse experiences in civil and criminal litigation who have been selected on the merits, taking into account their education, experience, knowledge of the court system, personal attributes and other criteria. Our Magistrate Judges are well–qualified to preside over the civil cases brought in our court.

To consent to magistrate judge jurisdiction, a party simply signs and files a consent form. The form is available on the court's website, at this link:

http://www.caed.uscourts.gov/caednew/index.cfm/forms/civil/.

Parties may consent or withhold consent without any adverse consequences. Once all parties to a case consent, then the assigned District Judge is notified and considers whether to approve the consent. Once the District Judge accepts, then the Magistrate Judge determines whether to accept consent jurisdiction, taking the opportunity to consider any conflicts or bases for recusal.

All litigants before the federal courts deserve justice delivered in a fair, prompt, and efficient manner. Our Magistrate Judges play a critical role in providing essential access to justice, particularly in our overburdened court. Consenting to Magistrate Judge jurisdiction in civil cases may represent one of the best ways to secure "just, speedy, and inexpensive determination" of your case, which is why we want to be sure you are fully aware of your right and ability to consent, and the means of doing so.

CHIEF UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ELMER EUGENE WALKER ,** | Case No.    **2:22–CV–01327–DB** |
| Plaintiff(s)/Petitioner(s), | |
| vs. | **CONSENT / DECLINE OF U.S. MAGISTRATE JUDGE JURISDICTION** |
| **JENNA NELSON , ET AL.,** | |
| Defendant(s)/Respondent(s). | |

   This case was randomly assigned to a Magistrate Judge.  A Magistrate Judge may perform the duties assigned pursuant to 28 U.S.C § 636(c) and Eastern District Local Rule 302.  However, a Magistrate Judge may not preside over the trial in this case or make dispositive rulings without all parties' written consent. 28 U.S.C. § 636(c).  If the parties do consent, a Magistrate Judge may conduct all proceedings and enter judgment in the case subject to direct appellate review by the Ninth Circuit Court of Appeals.  If a party declines to consent, a Magistrate Judge shall continue to perform all duties as required by Eastern District Local Rule 302.

   Therefore, within 30 days, the parties shall complete and return this form to the court.  However, the parties are advised that they are free to withhold consent without adverse substantive consequences.

DATED:   July 28, 2022                                          /s/  –  **Deborah Barnes**
                                                                                             United States Magistrate Judge

---

   **IMPORTANT:**  You must check and sign only one section of this form and return it to the Clerk's Office within 30 days.

---

☐     ***CONSENT* TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE**

**The undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case.**

Date: _____

Signature: _____

Print Name: _____

( ) Plaintiff / Petitioner    ( ) Defendant / Respondent

---

☐     ***DECLINE* OF JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO UNITED STATES DISTRICT JUDGE**

**The undersigned declines to consent to a United States Magistrate Judge and requests random assignment to a United States District Judge.**

Date: _____

Signature: _____

Print Name: _____

( ) Plaintiff / Petitioner    ( ) Defendant / Respondent