UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER EUGENE WALKER,<br><br>Plaintiff,<br><br>v.<br><br>JENNA NELSON, et al.,<br><br>Defendants. | No. 2:22-cv-01327 KJM DB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants impeded his access to the court in violation of his civil rights. Presently before the court is plaintiff's motion to proceed in forma pauperis. (ECF No. 4.) For the reasons set forth below, the court will recommend that the motion to proceed in forma pauperis be denied and plaintiff be ordered to pay the filing fee for this action.

**IN FORMA PAUPERIS**

**I.    In Forma Pauperis Statue**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action . . . [in forma paupers] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

1

>may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

**II.     Has Plaintiff Accrued Three Strikes?**

A review of actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury. Plaintiff was previously found to have accrued three strikes. See Walker v. San Joaquin Hospital, 2:22-cv-01340-WBS-EFB (E.D. Cal.) (denying IFP on November 9, 2022 as plaintiff had accrued three strikes). While that finding occurred after the filing of the present action, the cases cited occurred prior to plaintiff filing the present case.

The court takes judicial notice of the prior filings described in the above case. See (1) Walker v. Pitre, No. 2:00-cv-4293-IFP(TJH) (C.D. Cal.) (case dismissed on May 9, 2000 as barred by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994)); (2) Walker. Dep't of Corrections, No. 3:05-cv-3057-SI (N.D. Cal.) (case dismissed on December 19, 2005 as frivolous); and (3) Walker v. Campbell, 2:06-cv-0915-FCD-KJM (E.D. Cal.) (case dismissed on May 12, 2008 after plaintiff failed to amend pursuant to court's December 20, 2006 order, which dismissed complaint with leave to amend for failure to state a claim upon which relief could be granted).

These strikes all occurred prior to plaintiff's initiation of the present action on July 27, 2022. (ECF No. 1.)

### III. Does Plaintiff Meet the Imminent Danger Exception?

Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's First Amended Complaint.[1] (ECF No. 8.) Therein plaintiff appears to allege that plaintiff attempted to file a complaint with this court but it was instead sent back to plaintiff by the defendant Jenna Nelson. (Id. at 3.) Plaintiff also alleges that "the director of corrections, and R. Burton the warden…did not make copys [sic] for my civil rights complaint…." (Id. at 4.) These allegations do not show that plaintiff was under imminent threat of serious physical injury at the time he filed the complaint. Plaintiff's claims involve difficulties he faced filing actions in federal court. Nothing in the complaint involves any imminent threat of harm. Given that plaintiff successfully filed both his original complaint (ECF

---

[1] The court has also reviewed plaintiff's original complaint. (ECF No. 1.) The content of both complaints is identical except the First Amended Complaint is signed by plaintiff and includes additional exhibits. (See ECF Nos. 1, 8.)

No. 1) and his First Amended Complaint (ECF No. 8) in this court, it appears these claims concern a past restriction on filing complaints in federal court, not any sort of future harm, let alone imminent harm.

Accordingly, the court finds that plaintiff does not meet the imminent danger exception described in § 1915(g) and should only be allowed to proceed with this action if he pays the filing fee.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) be denied;
2. The court finds plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and
3. The court order plaintiff to pay the $402 filing fee in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 11, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/walk1327.3strikes